# HENDERSON *v.* GILPIN.

PATENTS; INTERFERENCE; BURDEN OF PROOF; REDUCTION TO PRACTICE; TESTS; DILIGENCE.

1. A patent having been issued to one applicant prior to the filing of another's application, the burden of proof in an interference is heavily upon the latter in the patent office; and it is even greater in the court when the decisions of the tribunals of that office are concurrent and adverse to him.

2. To constitute reduction to practice, a test must amount to a demonstration in fact, as contradistinguished from one in theory; and it is not enough to constitute reduction to practice that shop tests of a motor-controlling system indicate that the operation of the device will be successful; the system not being within that class of simple devices that demonstrate their own operativeness.

3. Prior to the act of Congress of 1836, he who first reduced to practice was, in the eyes of the law, the prior inventor; but the act of 1836, now sec. 4920, Rev. Stat., U. S. Comp. Stat. 1901, p. 3394, permits one "who was using reasonable diligence in adopting and perfecting" his invention to prove priority notwithstanding his opponent has been the first to reduce to practice.

4. In an interference proceeding the party who first conceived and perfected a motor-controlling system is entitled to an award of priority of invention, where he has not abandoned it to the public or concealed and suppressed it for such a period as to forfeit his rights to another. (Citing *Mason* v. *Hepburn*, 13 App. D. C. 86; *Fowler* v. *McBerty*, 27 App. D. C. 31, and *Howard* v. *Bowes*, 31 App. D. C. 619.

No. 779. Patent Appeals. Submitted November 12, 1912. Decided December 30, 1912.

HEARING on appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. E. B. H. Tower, Jr*, for the appellant.

*Mr. F. N. Barber,* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents in an interference proceeding in which priority of invention was awarded to the patentee Charles D. Gilpin by each of the three tribunals of the Patent Office. We reproduce claims 1, 5, and 6, which are representative of the six claims involved:

"1. In a motor-control system, a motor, a set of resistance sections, automatic acceleration switches for controlling said resistance sections, a switch to connect a source of current to one pole of the armature for rotating the same in one direction, and a pair of reversing switches, the members of one switch connecting the armature in a dynamo braking circuit and the members of the other switch connecting the source of current to the remaining pole of the armature."

"5. In a motor-control system, a motor, a switch to connect a source of current to one pole of the armature for rotating the same in one direction, and a pair of reversing switches, the members of one switch connecting the armature in a dynamic braking circuit and the members of the other switch connecting the source of current to the remaining pole of the armature."

"6. In a motor-control system, a set of resistance sections, acceleration switches for controlling said resistance sections, a switch to connect a source of current to one pole of the armature for rotating the same in one direction, and reversing switch mechanism to connect the source of current to the remaining pole of the armature at a point between the armature and the resistance sections."

As the patent to Gilpin was issued prior to the filing of Clark T. Henderson's application, the burden of proof was heavily upon Henderson in the Patent Office. It is even greater here because of the concurrent decisions of the Patent Office tribunals.

Each of the three tribunals, after a careful examination and analysis of the testimony, has found that Gilpin was the first to conceive the invention, and we accept the finding upon this question, as we are convinced of its correctness. Gilpin's application was filed April 10, 1908, and, of course, constituted a constructive reduction to practice. Henderson claims reduction to practice in February of that year, and, contending that Gilpin was not diligent, claims priority of invention. An examination of the claims shows that the invention is somewhat complicated and that it relates to an art in which, even at this date, less is taken for granted than in almost any other art. While the system covered by the claims may be applied in practice to the control of various devices, the use for which it was particularly intended was in connection with devices known as "ore bridges." Specifically, these bridges include tracks for a traveling carriage, over which is suspended a grab bucket to receive and discharge ore, to be raised and lowered and to be carried by the carriage from place to place. Electric motors are commonly employed in operating such buckets. Although these buckets weigh several tons, they are sometimes not heavy enough to overcome the friction of rest in the motor and other parts. This invention was intended to enable the motor to give a momentary impulse in a reverse direction to start, and, after the start, to control it. Sometime in February, 1908, Henderson caused to be constructed a controller system responding to the issues, and, during that month, the system was subjected to shop tests. But in those tests no motor was used; in other words, one of the very essential elements of the combination described in five of the six counts was lacking. While count 6 makes no mention of a motor, it does include resistance sections, and these the tribunals below found were not connected to the control panel during the shop tests. The Examiner of Interferences, in ruling that these shop tests did not constitute reduction to practice, said: "The invention here is expressed in the six counts of the issue, and resides in a combination of automatic switches, a master controller, resistance, and a motor. The fact that the motor and resistance are old and well-known

things does not alter the fact that the particular combinations claimed are what constitute the invention at issue in this case. Since the combinations claimed are the invention involved, no single element thereof can be neglected. A satisfactory test of the invention must have included the invention, and this comprises every one of its elements." It is not enough, as contended by appellant, that these shop tests indicated that the operation of the device would be successful. To constitute reduction to practice, a test must amount to a demonstration in fact, as contradistinguished from one in theory. We fully agree with the Patent Office that there is no justification for placing such a motor-controlling system as is here involved within the class of simple devices that demonstrate their own operativeness, and we find no error in the ruling that these shop tests did not amount to a reduction to practice.

Appellant further contends that, even assuming Gilpin's priority of conception and reduction to practice, appellant is nevertheless entitled to be considered the prior inventor because, as he says, Gilpin was guilty of laches, while he was diligent. This point is not well taken. Prior to the act of 1836, he who first reduced to practice was, in the eyes of the law, the prior inventor. The act of 1836, now sec. 4920, Rev. Stat., U. S. Comp. Stat. 1901, p. 3394, permitted one "who was using reasonable diligence in adapting and perfecting" his invention to prove priority, notwithstanding his opponent has been the first to reduce to practice. In this case, however, Gilpin was the first to conceive and the first to perfect his invention. In those circumstances, he is entitled to the invention unless he abandoned it to the public or secreted and suppressed it for such a period as to forfeit his rights to another. *Mason* v. *Hepburn,* 13 App. D. C. 86; *Howard* v. *Bowes,* 31 App. D. C. 619; *Fowler* v. *McBerty,* 27 App. D. C. 41; *Reed* v. *Cutter,* 1 Story, 590, Fed. Cas. No. 11,645; *Cristie* v. *Seybold,* 5 C. C. A. 33, 6 U. S. App. 520, 55 Fed. 69. As there is no evidence of suppression or concealment, the decision must be affirmed.                    *Affirmed.*